IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TROY ALAN STILLS, #02058824 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:18cv416 |
| | § | CONSOLIDATED WITH CIVIL ACTION |
| DIRECTOR, TDCJ-CID | § | NOS. 4:18cv636 AND 4:18cv813 |

## ORDER OF DISMISSAL

Petitioner Troy Alan Stills, an inmate confined in the Texas prison system, proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge Kimberly C. Priest Johnson, who issued a Report and Recommendation concluding that it should be denied because it is time-barred by the one year statute of limitations. 28 U.S.C. § 2244(d)(1). Petitioner has filed objections.

### Procedural History of the Case

Petitioner is challenging his Grayson County conviction for aggravated kidnapping. On May 13, 2014, after entering pleas of guilty, he was sentenced to two years of imprisonment for kidnapping and ten years of deferred probation for aggravated kidnapping. On March 31, 2016, the trial court revoked his probation for aggravated kidnapping and sentenced him to eight years of imprisonment. Petitioner did not appeal the conviction.

Petitioner submitted two applications for a writ of habeas corpus in state court. The first was filed on October 24, 2017. On March 28, 2018, the Texas Court of Criminal Appeals dismissed his claims regarding the kidnapping conviction since he had discharged the sentence and denied his claims regarding the aggravated kidnapping conviction. *Ex parte Stills*, No. WR-88,161-01, 2018 WL 1516840 (Tex. Crim. App. March 28, 2018). The second application was filed on May 24, 2018. On

1

August 8, 2018, the Texas Court of Criminal Appeals dismissed the application as as subsequent application. TEX. CODE CRIM. PROC. art. 11.07 § 4(a)-(c).

The present petition was filed on May 29, 2018. The Director has filed an answer.

## Statute of Limitations

The Director argues that the petitions are time-barred. On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law, including a statute of limitations. For purposes of this proceeding, the first limitations provision governs which specifies that the one year limitations period shall run from the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

Petitioner complains about both the proceeding placing him on probation and the proceeding revoking his probation. The Court notes that the Fifth Circuit dealt with the statute of limitations in the context of orders placing a defendant on deferred adjudication in *Caldwell v. Dretke*, 429 F.3d 521 (5th Cir. 2005), *cert. denied*, 549 U.S. 970 (2006). The Fifth Circuit held that an order of deferred adjudication is a judgment under relevant federal law. *Id.* at 527. The order became final under Texas law thirty days after the order was entered since the defendant failed to file a notice of appeal. *Id.* at 530. The statute of limitations set forth in § 2244 started running on that date. *Id.* This basic approach was reaffirmed in *Tharpe v. Thaler*, 628 F.3d 719, 724-25 (5th Cir. 2010).

In the present case, two dates must be considered. The first date concerns Petitioner's claims about the proceeding placing him on probation. He was placed on probation on May 13, 2014. The order became final thirty days later on June 12, 2014. He had one year to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in federal court. His petition was due no later than June

12, 2015, in the absence of tolling provisions. He did not initiate federal habeas corpus proceedings until almost three years later on May 29, 2018.

The provisions of 28 U.S.C. § 2244(d)(2) provide that the time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation. Petitioner's first state habeas application was filed on October 24, 2017. It was filed more than two years beyond the limitations deadline. The pendency of the state application did not effectively toll the deadline.

The second date that must be considered concerns Petitioner's claims concerning the revocation of his probation on March 31, 2016. He did not file a direct appeal from the decision revoking his probation, and the conviction became final thirty days later on April 30, 2016. He had one year to file a petition for a writ of habeas corpus in federal court concerning the revocation of his probation. His petition was due no later than April 30, 2017, in the absence of tolling provisions. Petitioner did not file a federal petition until May 29, 2018. His state application was not filed until October 24, 2017, which was beyond the limitations deadline. The pendency of the state application did not toll the deadline.

The Magistrate Judge accordingly found that the present petition is time-barred.

## Objections

Petitioner filed objections (Dkt. #29) on January 14, 2019. He initially argues that the AEPDA is unconstitutional. The Fifth Circuit has rejected the contention. *Fierro v. Cockrell*, 294 F.3d 674, 684 (5th Cir. 2002). Petitioner also objects to the failure of the Report and Recommendation to address his claims, but the Court does not reach an analysis of his claims because his petition is time-barred,

Petitioner also includes several objections related to equitable tolling. This issue was fully addressed by the Magistrate Judge. The Supreme Court clearly and unequivocally held that the

3

AEDPA's statute of limitations may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing. *Id.* at 649. In support of his argument, Petitioner complains that his attorney abandoned him on direct appeal. The Magistrate Judge observed in her analysis that Petitioner acknowledges he was informed that he had waived his right to appeal. Overall, the explanations provided by Petitioner do not show that he pursued his rights diligently or that some extraordinary circumstances stood in his way to prevent timely filing. He has not shown that he is entitled to equitable tolling.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Petitioner's objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** that the petitions for a writ of habeas corpus are **DENIED** and the cases are **DISMISSED** with prejudice as time-barred. A certificate of appealability is **DENIED**. All motions not previously ruled on are hereby **DENIED**.

**SIGNED this 22nd day of January, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE